UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


AKEEM SHAROME COLLINS,

     Plaintiff,

v.                                                    Case No. 3:19cv403-LC-HTC

WALTON COUNTY
SHERIFFS OFFICE,

     Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

     This matter is before the Court *sua sponte* on Plaintiff's first amended complaint. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a first amended civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 14. The undersigned has screened the first amended complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2) and respectfully recommends that this case be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

**I.  Background**

     The court accepts all well-pleaded factual allegations of the first amended complaint as true and evaluates all reasonable inferences derived from those facts in

the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Plaintiff sues Lieutenant Hicks and Deputy McKee of the Walton County Sheriff's Office under 42 U.S.C. § 1983 for alleged violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment. ECF Doc. 14 at 2, 7. Plaintiff claims that, while he was in a cell in the booking intake area of the Walton County Jail, Defendant Hicks sprayed him with two cans of chemical agents. *Id.* at 5-6. He claims that his "eyes, arms, legs, ears and tongue was [sic] burning," that he was "unable to see" and was "struggling for oxygen." *Id.* Plaintiff claimed that two cans of spray were used "when one can was enough and more than enough." *Id.* at 6.

Twenty-five (25) minutes later, Defendant McKee ordered the Plaintiff to strip naked and lay on the floor. *Id.* After Plaintiff complied, Defendant McKee dragged Plaintiff by the ankles until his body was half the way out of the cell and then applied leg irons to Plaintiff's ankles. *Id.* Plaintiff "knees and thighs started to bleed" after he was dragged by Defendant McKee. *Id.* at 5-6. He claimed that he was embarrassed and humiliated by being stripped and dragged in front of staff and other prisoners. *Id.* In his statement of claims, he states, "My claim is that the way I was treated was nothing less than cruel and unusual punishment. United States Constitution 8th Amendment violation claim." *Id.* at 7. His requested relief is simply

"Monetary damages in the amount of $250.000.00 for pains and suffering physically and mentally abused." *Id.* at 8.

## II.  Analysis

Because Plaintiff is a prisoner, the Court is required to review his first amended complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The Court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining

whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679)).

In a previous order, the Court reviewed the original complaint and warned Plaintiff that the original complaint did not show that he was entitled to monetary relief "because he has failed to state facts sufficient to show that he suffered more than *de minimis* physical injury." ECF Doc. 13 at 7 (citing 42 U.S.C. § 1997e(e)). Plaintiff was then directed to file an amended complaint curing this deficiency and warned that "failure to comply with this order may result in a recommendation that the case be dismissed." *Id.* at 10-11. For the reasons which follow, Plaintiff has failed to correct this deficiency from the original complaint.

According to the Prison Litigation Reform Act ("PLRA"), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition, and Plaintiff alleges he was a prisoner at the time he filed this action and that the alleged harm occurred while he was in custody. ECF Doc. 12 at 5. Thus, the restriction in § 1997e(e) applies to this case. Regarding the level of physical injury required, the

Eleventh Circuit instructs that "[under § 1997e(e)] and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than *de minimis*) physical injury." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (citing *Al-Amin v. Smith*, 637 F.3d 1192, 1198 (11th Cir. 2011).

In the context of claims of excessive force arising from the use of chemical agents, the courts in this circuit have focused on the duration and severity of the after-effects to determine whether a plaintiff has alleged a physical injury. Where the alleged injury is only short term, the courts have held that the exposure to chemical agents is not more than *de minimis* under § 1997e(e). *See e.g., Kornagay v. Burt*, No. 3:09 CV 281 LAC/EMT, 2011 WL 839496, at *21 (N.D. Fla. Feb. 8, 2011), *report and recommendation adopted*, No. 3:09CV281 LAC/EMT, 2011 WL 855619 (N.D. Fla. Mar. 9, 2011) (Plaintiff failed to satisfy § 1997e(e) despite alleging that "during the five-day period after [guards] sprayed him with chemical agent, he suffered burning lungs and skin, congested breathing, tearing eyes, nasal discharge, dizziness, the sensation of respiratory distress, choking, and burns to his scalp.); *Thompson v. Quinn*, No. 3:11CV533/RV/EMT, 2013 WL 2151715, at *6 (N.D. Fla. May 16, 2013) (Plaintiff failed to satisfy § 1997e(e) although alleging "a burning sensation over his body as a result of being sprayed with chemical agent … [and that] he additionally suffered emotional distress"); *Magwood v. Tucker*, No.

3:12cv140/RV/CJK, 2012 WL 5944686, at *5 (N.D. Fla. Nov. 14, 2012) (unpublished) (prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent, where he alleged he suffered bloody nose and bloody phlegm, and therefore could not recover compensatory or punitive damages), *Report and Recommendation adopted*, 2012 WL 5944657 (N.D. Fla. Nov. 28, 2012); and *Robinson v. Tifft*, No. 3:11cv560/LAC/CJK, 2012 WL 2675467, at *2 (N.D. Fla. June 1, 2012) (unpublished) (prisoner failed to show more than a de minimis physical injury resulting from officer's use of chemical agent, for purposes of § 1997e(e), where he alleged he suffered "involuntary closing and burning sensation" in his eyes and was temporarily blinded), *Report and Recommendation adopted*, 2012 WL 2675469 (N.D.Fla. July 6, 2012).  In the instant case, Plaintiff's allegations that he was blinded temporarily, experienced burning sensations, and had difficulty breathing do not rise above *de minimis* physical injuries.

Likewise, the cuts and scrapes alleged by Plaintiff do not rise above *de minimis* injuries under 42 U.S.C. § 1997e(e).  *Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) ("Here, under our case law, the injuries that Mann complains of— including the vague injuries to his back, the scrapes and marks on his knees and legs, … amount to *de minimis* physical injuries.") (citing *Nolin v. Isbell*, 207 F.3d 1253, 1258 n. 4 (11th Cir. 2000) (scraping and bruising caused by appellant being dragged, restrained and cuffed while being arrested were *de minimis* and "the facts sound little

different from the minimal amount of force and injury involved in a typical arrest."))

Moreover, there is no allegation that the use of chemical agents were unnecessary or

unwarranted.[1]

For the above reasons, Plaintiff has not satisfied the physical injury

requirement from 42 U.S.C. § 1997e(e) and therefore may not seek compensatory or

punitive damages. *See Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir.

2015). Since Plaintiff seeks only such damages, his first amended complaint fails to

state any claim for which relief may be granted.

Because Plaintiff was already given an opportunity to amend his complaint,

was at that time advised of the deficiencies in his complaint and his amended

complaint continues to fail to state a valid cause of action, the undersigned

recommends that the case be dismissed without prejudice as another amendment

would be futile.

## III. Conclusion

Accordingly, it is respectfully RECOMMENDED:

1.      That this action be DISMISSED without prejudice under 28 U.S.C.

§ 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on

which relief may be granted.

---

[1] Nor could there be as Plaintiff states in his original complaint that officers sprayed him after "a female deputy Henderson made allegations that Plaintiff had committed sexual misconduct while housed in North Dorm Cell #102." ECF Doc. 1 at 5.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of July, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.